Opinion issued October 27, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00906-CR

———————————

Michelle Elaine Bearnth, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 230th District Court

Harris County, Texas



Trial Court Case No. 1231845

 



 

CONCURRING OPINION

          I join the majority opinion, but write separately to
specifically explain why I join it in regard to the question of fact presented
to this Court by appellant, Michelle Elaine Bearnth, in light of my recent
concurring opinion in Kiffe
v. State, No. 01-10-00746-CR, 2011 WL 4925986 (Tex. App.—Houston [1st
Dist.] Oct. 13, 2011, no pet. h.) (Jennings, J., concurring).

In Kiffe, the defendant argued that this Court, which has conclusive
and final jurisdiction over his question of fact, should not have applied a legal-sufficiency
standard of review to address his question of fact because doing so deprived
him of his state constitutional and statutory right to have his question of
fact addressed as a question of fact and his appellate remedy of a new trial.  See Tex.
Const. art. V, § 6(a); Tex. Code
Crim. Proc. Ann. art. 44.25 (Vernon 2006) (entitled, “Cases Remanded”).  Kiffe asserted that applying the
legal-sufficiency standard of review to his question of fact and depriving him
of his appellate remedy of a new trial violated his federal and state rights to
due process of law.  See U.S. Const. amends. V, XIV; Tex. Const. art. I, § 19. 

Given the express language of article
V, section 6 of the Texas Constitution and article 44.25 of the Texas Code of
Criminal Procedure, it is readily apparent that answering a defendant’s
question of fact as a purely legal question violates the United States
Constitution’s guarantee of due process of law, as well as its guarantee of the
equal protection of the laws, because it, in fact, deprives the defendant of her
well-established Texas appellate remedy of a new trial, recognized in the Texas
Constitution and by the Texas Legislature in article 44.25.  See Kiffe, 2011 WL 4925986, at *6 (Jennings, J., concurring); see also U.S. Const. amends. V, XIV; Griffin
v. Illinois, 351 U.S. 12, 18, 76 S. Ct. 585, 590 (1956) (concluding in
states that provide for appellate review, criminal defendant is entitled to
protections afforded under Due Process and Equal Protection Clauses of United
States Constitution); see also M.L.B. v. S.L.J., 519 U.S. 102, 111, 117
S. Ct. 555, 561 (1996) (quoting Rinaldi v. Yeager, 384 U.S. 305, 310, 86
S. Ct. 1497, 1500 (1966)) (“This Court has never held that the States are
required to establish avenues of appellate review, but it is now fundamental that,
once established, these avenues must be kept free of unreasoned distinctions
that can only impede open and equal access to the courts.”). 

Nevertheless, the majority in Kiffe did not agree and answered his
question of fact as a question of law, overruling his constitutional issues.  Kiffe, 2011 WL 4925986, at *2–5.  Unless this Court subsequently overrules Kiffe, we must accept Kiffe as binding precedent.   Swilley
v. McCain, 374 S.W.2d 871, 875 (Tex. 1964). 


          

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel consists of Justice Jennings, Justice Sharp,
and Justice Brown.

Justice Jennings, joining the majority opinion and
concurring separately.

Justice Sharp, concurring without opinion.

Publish.   Tex. R. App. P. 47.2(b).